UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00186-JLS-JDE                     Date: April 21, 2020
Title: Raeann Lopez et al v. Ford Motor Company et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                              N/A
    Deputy Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

      Not Present                                       Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER DEYNYING PLAINTIFFS' MOTION TO REMAND (Doc. 10)**

      Before the Court is a Motion to Remand this action to Orange County Superior court filed by Plaintiffs Raeann Lopez and Annette Meza. (Mot. Doc. 10.) Defendant Ford Motor Company opposed, and Plaintiffs replied. (Opp., Doc. 11; Reply, Doc. 13.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for April 24, 2020, at 10:30 a.m., is VACATED. For following reasons, the Court DENIES Plaintiffs' Motion to Remand.

## I.   BACKGROUND

      Plaintiffs, residents of the city of Whittier, California, filed this "lemon law" action in Orange County Superior Court on December 16, 2019. (Compl., Doc. 1-2.) Plaintiffs allege that they purchased a new 2018 Ford Focus, VIN No. 1FADP3E24JL322624 (the "Subject Vehicle"), on July 11, 2018 for consideration totaling $27,637.12, to be paid over the course of an installment contract. (*Id*. ¶¶ 5-6.) They further allege that along with the purchase of the Subject Vehicle, Defendant Ford issued written warranties, and other express and implied warranties, whereby it guaranteed the vehicle's components in terms of materials and workmanship and committed to performing any repairs or other work needed to "conform [the vehicle] to the promises and affirmations of fact made" and to ensure that it remained "free from any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00186-JLS-JDE                                  Date: April 21, 2020
Title: Raeann Lopez et al v. Ford Motor Company et al.

defects in material and workmanship." (*Id*. ¶ 8.)  Following their purchase, Plaintiffs
aver that among other defects, the Subject Vehicle experienced a "faulty A/C system and
persistent mold smells in the vehicle cabin." (*Id*. ¶ 11.)  Despite Plaintiffs' delivery of
the Subject Vehicle to Ford-authorized service and repair facilities, Ford has not repaired
the vehicle to conform it to the applicable warranties. (*Id*. ¶¶ 10, 12, 13.)

In their Complaint, Plaintiffs assert claims for: (1) breach of the implied warranty
of merchantability under the Song-Beverly Consumer Warranty Act, California Civil
Code § 1790 *et seq.* and (2) breach of express warranty under the Song-Beverly
Consumer Warranty Act. (Compl. ¶¶ 14-34.)  They do not state the exact total amount of
damages sought but note that they specifically seek: (1) replacement or restitution; (2)
incidental damages; (3) consequential damages; (4) civil penalty under the Song-Beverly
Act, in an amount not to exceed two times the amount of Plaintiffs' actual damages; (5)
attorney's fees; (6) costs; (7) the difference between the value of the Subject Vehicle as
accepted and the value the vehicle would have had if it had been as warranted; (8) other
remedies under Division 2, Chapters 5 and 6 of the California Commercial Code; and (9)
interest. (*See* Prayer for Relief, Compl. at 7-8.)

BMW removed the action to this Court on January 29, 2020, asserting that an
exercise of federal diversity jurisdiction is appropriate under 28 U.S.C. §§ 1332, 1441,
1446. (Notice of Removal, Doc. 1.)  In the Notice of Removal, removal is characterized
as proper because (1) the parties are diverse, and (2) the amount in controversy exceeds
$75,000. (*Id*. ¶¶ 11-25.)

## II.     <u>LEGAL STANDARD</u>

A defendant may remove a case that was filed in state court to a federal court in
the same district and division if the federal court would have had original jurisdiction
over the action. *See* 28 U.S.C. § 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386,
392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal
question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C.
§ 1332.  Thus, "[a] defendant may remove an action to federal court based on federal
question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00186-JLS-JDE                              Date: April 21, 2020
Title: Raeann Lopez et al v. Ford Motor Company et al.

1039, 1042 (9th Cir. 2009).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter*, 582 F.3d at 1042 (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, "if it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Gaus*, 980 F.2d at 566-67.  "Additionally, '[i]n the event that the plaintiff [contests] the defendant's allegations ... the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'"  *Briest v. Knot Standard LLC*, No. 2:19-cv-09630-ODW(SSx), 2020 WL 1061792, at *2 (C.D. Cal. Mar. 5, 2020) (citing *Dart*, 574 U.S. at 88; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.     <u>DISCUSSION</u>

In the instant Motion, Plaintiffs contend a remand to state court is necessary because Ford has not made a sufficient showing as to either the amount in controversy or diversity of the parties' citizenship.  They are incorrect on both counts.

As to amount in controversy, Plaintiffs assert that even though they affirmatively allege that the total amount of consideration due under the Subject Vehicle's purchase contract is $27,637.12 (Compl. ¶ 6) and they "sustained damage in amount actually paid or payable under the contract" (*id.* ¶ 21), the amount in controversy in this matter is

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00186-JLS-JDE                                    Date: April 21, 2020
Title: Raeann Lopez et al v. Ford Motor Company et al.

unclear, and Ford has not provided sufficient evidence or pointed to specific factual
allegations demonstrating that the jurisdictional threshold has been exceeded.  (Mot. at 3-
5.)  This argument is misguided.  In analyzing the amount in controversy, "the facts
alleged in the complaint [are] taken as true."  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x
646, 648 (9th Cir. 2012).  As just mentioned, Plaintiffs affirmatively allege they have
suffered actual damages in the amount of $27,637.12.  (Compl. ¶¶ 6, 21.)  Further, they
seek civil penalties up to two times the amount of their actual damages under the Song-
Beverly Act, as provided by California Civil Code Section 1794 (c), (e).  (*See* Prayer for
Relief.)  "Courts as a matter of law, calculate the amount in controversy based upon the
maximum amount of civil penalties available to plaintiff."[1]  *Saulic v. Symantec Corp.*,
No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007)
(collecting cases).  Thus, setting aside the number of other remedies sought, such as
statutorily authorized attorney's fees under the Song-Beverly Act, *see Brady v.
Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002), it is facially
apparent from the Complaint that plaintiffs, under their prayer for actual damages and a
civil penalty alone, have placed more than $75,000 at issue in this dispute.[2]

      Nevertheless, Plaintiffs argue, without citation to any legal authority, that Ford has
"failed to address . . . potential deductions frequently sought in cases such as [this one]."
(*See* Mot. at 5.)  But here, "[t]he ultimate inquiry is what amount is put 'in controversy'
by the plaintiff's complaint, not what a defendant will actually owe."  *Cain v. Hartford
Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012).  And Ford has
sufficiently established that the jurisdictional threshold has been exceeded by pointing to
the clear allegations of the Complaint.  *See Carlos v. Jaguar Land Rover N. Am., LLC*,
No. CV 19-1318-GW(FFMX), 2019 WL 2068465, at *2 (C.D. Cal. May 10, 2019).  The
only potential deduction discussed by Plaintiffs with any degree of specificity is the
mileage setoff applicable to Song-Beverly claims under California Civil Code Section
1793.2(d).  (See Mot. at 5; Reply at 3.)  That "set-off amount is determined by

_____

[1] As such, Plaintiffs are wrong in asserting, without any support, that Defendant is somehow
required to provide evidence of the amount of civil penalties to which Plaintiffs may be entitled.
(*See* Mot. at 5.)
[2] $27,637.12 in actual damages + $55,274.24 via civil penalty = $82,911.36

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00186-JLS-JDE                              Date: April 21, 2020
Title: Raeann Lopez et al v. Ford Motor Company et al.

multiplying the 'actual price of the new motor vehicle paid or payable by the buyer ... by
a fraction having its denominator 120,000 and having as its numerator the number of
miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle'
for correction of the problem." *Brady*, 243 F. Supp. 2d at 1007 (citing Cal. Civ. Code §
1793.2(d)(2)(C)-(D)).  Peculiarly, even though Plaintiffs suggest that the setoff must be
considered, they have failed to inform the Court of how many miles the Subject Vehicle
was driven prior to delivery to Ford, or even the mileage presently reflected by the
odometer.  Perhaps that is because the Carfax vehicle history report provided by Ford
shows that by December 31, 2019, *a date after Plaintiffs filed their complaint in state
court*, the Subject Vehicle had been driven 10,627 miles.  (Subject Vehicle Carfax at 2,
Dorenkamp Decl. Ex. C, Doc. 11-3.)  Accordingly, even assuming the applicability of the
mileage setoff at this stage and *operating under the logical impossibility* that December
31, 2019 was the date on which Plaintiffs first delivered the vehicle for correction of the
problems it was allegedly experiencing, the amount placed in controversy under
Plaintiffs' request for actual damages and civil penalties under Song-Beverly alone,
*would still exceed* $75,000.[3]  Accordingly, the Court finds that the amount in controversy
requirement has been satisfied by a preponderance of the evidence.

  As to diversity of citizenship, Plaintiffs contend that because the complaint merely
alleges that Plaintiffs are "residents of California," Ford may not rely on the allegation to
establish domicile and citizenship for the purposes of removal.  (Mot. at 6-9.)  Indeed, it
is true that "[t]he natural person's state citizenship is [] determined by her state of
domicile, not her state of residence," and "[a] person's domicile is her permanent home,
where she resides with the intention to remain or to which she intends to return."  *Kanter
v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  However, Plaintiffs rest their
argument entirely on (1) *Metropoulos v. BMW of N. Am.*, CV 17-982 PA (ASx), 2017
WL 564205 (C.D. Cal. Feb. 9, 2017), and (2) *Houston v. Bank of Am.*, CV 14-02786
MMM (AJWx), 2014 WL 2958216 (C.D. Cal. Jun. 26, 2014).  As noted in *Holbrook v.*

---

[3] Under Cal. Civ. Code § 1793.2(d), the set-off percentage would be 8.86% (10,627/120,000),
and the set-off amount $2,448.65 (.0886 x $27,637.12).  As such, the amount of actual damages
would be $25,188.47 and potential civil penalties would total $50,376.94 (2 x $25.188.47).  The
sum of those amounts is $75,565.41.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00186-JLS-JDE                              Date: April 21, 2020
Title: Raeann Lopez et al v. Ford Motor Company et al.

*Ford Motor Company*, the reasoning of those cases cannot survive *Ehrman v. Cox
Communications, Inc.*, 932 F.3d 1223 (9th Cir. 2019).  No. CV 20-840-GW-PJWX, 2020
WL 1809667, at *2 (C.D. Cal. Apr. 9, 2020).  In *Erhman*, "[t]he Ninth Circuit rejected
the plaintiff's argument that the allegations of citizenship were insufficient, [finding] that
'a defendant's allegations of citizenship may be based solely on information and belief,'
and that where, as here, the allegations are 'unchallenged factually,' they are sufficient to
plead diversity." *Id*. at *2 (citing *Erhman*, 932 F.3d at 1225, 1227) (collecting cases and
explaining that since *Erhman*, counts in this district have found citizenship allegations
like Ford's to be satisfactory).  Plaintiffs affirmatively allege they are California residents
and make no effort to argue, let alone provide evidence, that they are domiciled anywhere
other than California.  (*See* Mot.; Reply.)  Absent any factual challenge, Ford's
allegations of citizenship are sufficient.[4]  Accordingly, Ford has adequately alleged that
Plaintiffs are citizens of California and, as Ford is a Delaware corporation with its
principal place of business in Michigan (Notice of Removal ¶ 23), has established
diversity of citizenship.

Because Ford has sufficiently (1) demonstrated that the amount of controversy in
this case exceeds $75,000 and (2) alleged that there is diversity of citizenship among the
parties, removal to federal court was proper.

IV.        **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED.

Initials of Preparer:  tg

_____

[4] Even if evidence were required, Ford has provided (1) Transunion reports demonstrating
Plaintiffs' longstanding California residence, and hence indicating a California domicile and (2)
a vehicle history report showing that the Subject Vehicle was registered and serviced solely in
California.  (Lopez Transunion Report, Dorenkamp Decl. Ex. A, Doc. 11-1; Meza Transunion
Report, Dorenkamp Decl. Ex. B, Doc. 11-2; Subject Vehicle Carfax.)